**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2005
_____

JUSTIN MICHAEL CREDICO,
                                        Appellant

v.

KRENITSKY, Fed. Supervised Release Officer;
FED. SUPERVISED SUPERVISOR OF KRENITSKY,
All Defendants Sued in their Official/Individual Capacities
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-01863)
District Judge:  Honorable Jeffrey L. Schmehl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2021
Before:  GREENAWAY, JR., KRAUSE, and BIBAS, Circuit Judges

(Opinion filed: February 23, 2021)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Justin Credico appeals the District Court's order dismissing his complaint. For the reasons below, we will affirm.

Credico, who was convicted of four counts of making threats against federal agents and their family members, is serving the supervised release portion of his sentence.[1] In his complaint, he alleges that in April 2019, he had a meeting with his Supervised Release Officer, Appellee Timothy Krenitsky, and Krenitsky's supervisor, whom Credico does not name. Before the meeting, Credico had texted Krenitsky, asking if he could record their meeting. When he arrived at the meeting, he was told he could not record it. After arguing with Krenitsky, Credico obeyed his order to turn the phone off.

Credico alleged censorship in violation of the First Amendment, retaliation, and a violation of his Fifth Amendment right to procedural due process.[2] He explained that he wished to record the conversation to "avoid the lies that the United States government is prone to commit throughout their day-to-day operations with Credico." He requested damages and injunctive relief of allowing him to record meetings with the Appellees.

---

[1] See United States v. Credico, 718 F. App'x 116, 121 (3d Cir. 2017).

[2] As Credico does not argue his retaliation claims on appeal, we do not address them. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994); Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) ("[A]ppellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief.").

Appellees filed a motion to dismiss which the District Court granted.[3]  It concluded that Appellees were entitled to qualified immunity on the claims against them in their individual capacities and that they were entitled to sovereign immunity on the claims against them in their official capacities.  Credico filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review of the District Court's order dismissing Credico's claims.  Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017) (plenary review of dismissal on qualified immunity grounds).[4]

As a threshold matter, the judicial expansion of the Bivens remedy that Credico seeks here is generally disfavored.  See Ziglar v. Abbasi, 137 S. Ct. 1843, 1857, 1859-60 (2017) (counseling against expansion of Bivens and describing analysis to determine whether remedy should be recognized in a new context); Mack v. Yost, 968 F.3d 311, 325 (3d Cir. 2020) (declining to extend Bivens remedy to prisoner's claim of retaliation under the First Amendment in prison job assignment context); Bistrian v. Levi, 912 F.3d 79, 96 (3d Cir. 2018) (same in prison housing context); Vanderklok v. United States, 868 F.3d 189, 209 (3d Cir. 2017) (declining to extend Bivens remedy to First Amendment retaliation claim against TSA screener).

But even if we assume he is entitled to pursue a Bivens action, we agree with the District Court that Appellees were entitled to qualified immunity.  Qualified immunity

---

[3] Credico did not respond to the motion to dismiss.
[4] As Credico does not challenge the District Court's conclusions that the Appellees were entitled to sovereign immunity in their official capacities and that he was not entitled to

protects a government official from liability for civil damages as long as his conduct did not violate clearly established rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity applies unless: (1) the facts alleged by the plaintiff show the violation of a constitutional right; and (2) the law was clearly established at the time of the violation. See Pearson v. Callahan, 555 U.S. 223, 232 (2009). Here, the law at issue was not clearly established at the time of Credico's supervised release meeting.

Credico argues that we have held that the First Amendment protects the recording of law enforcement officers performing their duties in public. Fields v. City of Philadelphia, 862 F.3d 353, 356 (3d Cir. 2017). We explained that the public has a "right of access to information about their officials' public activities." Id. at 359. Here, however, Credico sought to record a private meeting in an office in a federal building between himself and his supervised release supervisor. Credico does not argue that he wished to record the meeting for the benefit of the public. The nature of the meeting, in contrast, for example, to a formal court proceeding, belies that. Instead, as noted above, Credico stated that he sought to record the meeting to protect himself from alleged lies by the Government. On appeal, he argues that "he had a right to protect himself and his privacy once his own privacy rights were being violated." He contends that he was obtaining evidence of the violations of his privacy. However, even if the proposed

injunctive relief, we will not address those issues.

4

recording were somehow related to the public's "right of access to information about their officials' public activities," we explained in Fields that not "all recording is protected or desirable" and the right to record is subject to reasonable restrictions on time, manner, and place. Fields, 862 F.3d at 360.

For the reasons discussed above, Credico has not shown a violation of a clearly established right under the First Amendment. Nor was he denied his right to procedural due process. Burns v. Pa. Dep't. of Corr., 544 F.3d 279, 285 (3d Cir. 2008) (describing elements of a procedural due process claim). Contrary to his allegations, Credico was not "censored" by the Appellees. He was free to speak with Krenitsky and express himself. He does not allege that he was not allowed to speak with others about the meeting afterwards or that he was unable to record the events of the meeting through other means such as taking notes. He was simply not allowed to use his preferred means to record a private meeting. The District Court did not err in dismissing his claims on the ground that the Appellees were entitled to qualified immunity.

Accordingly, we will affirm the District Court's judgment.